# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LOUIS RANDOLPH, a.k.a. CLYDE LEWIS,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:11-CV-00077-RCJ-(VPC)

**ORDER**

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss this action because the petition is without merit on its face.

    At the time of the events relevant to this action, petitioner already was a prisoner in the custody of the Nevada Department of Corrections. He was accused of possessing prisoner-made weapons. Prison officials disciplined him for major violation MJ26, possession of contraband, including items that present a threat to safety and security of the institutions, excluding drugs or drug paraphernalia. The State of Nevada prosecuted petitioner in the Eighth Judicial district court on two counts of possession or control of a dangerous weapon or facsimile by an incarcerated person. The jury found petitioner not guilty on one count and guilty on the other count. Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner then pursued unsuccessfully a post-conviction petition for a writ of habeas corpus in the state courts. Petitioner then commenced this

action. He is challenging the judgment of conviction; the prison disciplinary proceedings are not at issue in this action.

In ground 1, petitioner claims that the state district court erred in denying his state habeas corpus petition because that court held what was effectively an evidentiary hearing without him being present. He also raises two claims regarding the appeal from the denial of that petition. First, he alleges that the Nevada Supreme Court never ordered the respondents to answer his opening brief. Second, he alleges that the Nevada Supreme Court addressed only three of his six grounds for relief. Ground 1 contains only claims of errors in the state habeas corpus proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). Ground 1 is without merit on its face.

Grounds 2, 3, and 4 are claims of ineffective assistance of trial counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The three grounds contain similar claims. Petitioner alleges that trial counsel failed to investigate, interview, and subpoena witnesses, either fellow prisoners or prison officials, who could have testified to the jury in support of his defense that he was being prosecuted selectively. Petitioner further alleges in ground 2 that counsel moved to admit the testimonies of petitioner's fellow prisoners, but counsel's offer of proof was insufficient, and the district court denied the motion. These three grounds are without merit for the same reason: Selective prosecution is a defense "based on defects in the institution of the prosecution," and it "may be raised only by

motion before trial." Nev. Rev. Stat. § 174.105(1). See also United States v. Oaks, 508 F.2d 1403, 1404-05 (9th Cir. 1974) (interpreting Fed. R. Crim. P. 12(b)). Counsel could not have succeeded in presenting the testimonies of these witnesses to the jury, because selective prosecution is not an issue for the jury to decide.[1] Grounds 2, 3, and 4 are without merit.

Ground 5 is a claim that appellate counsel provided ineffective assistance. Petitioner argues that appellate counsel should have presented four issues to the Nevada Supreme Court as issues of federal law. This ground is relevant to any possible claim by respondents that petitioner had failed to exhaust his available state-court remedies, which is required for this court to grant relief. See 28 U.S.C. § 2254(b). "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). If the Nevada Supreme Court recognizes the issue of federal law on its own, then the issue is exhausted in the state courts. See Sandgathe v. Maass, 314 F.3d 371, 376-77 (9th Cir. 2002). Consequently, petitioner would be unable to demonstrate any prejudice if the Nevada Supreme Court actually considered a claim as an issue of federal law.

First, petitioner argues that appellate counsel should have presented as an issue of federal law the claim that insufficient evidence existed to support the jury's verdict. However, the Nevada Supreme Court recognized the claim as an issue of federal law. Order of Affirmance, Case No. 50135, pp. 1-2 (citing Jackson v. Virginia, 443 U.S. 307 (1979)) (attached to petition). Petitioner suffered no prejudice from the lack of citation to federal law on this claim.

Second, petitioner argues that appellate counsel should have presented as an issue of federal law the claim that he was a victim of vindictive and selective prosecution. Regarding the

---

[1] Petitioner did present the claims of vindictive and selective prosecution to the state courts. Nevada Supreme Court considered the claims and determined that they were without merit. Order of Affirmance, Case No. 50135, pp. 3-4 (attached to petition).

1 claim of vindictive prosecution, the Nevada Supreme Court cited two opinions of the United States
2 Court of Appeals for the Ninth Circuit. Order of Affirmance, Case No. 50135, pp. 3-4 (quoting
3 United States v. Montoya, 45 F.3d 1286 (9th Cir. 1995), and United States v. Spiesz, 689 F2d 1326
4 (9th Cir. 1982)). Regarding the claim of selective prosecution, the Nevada Supreme Court cited
5 Salaiscooper v. Dist. Ct., 34 P.3d 509 (Nev. 2001). Order of Affirmance, Case No. 50135, p. 4.
6 Salaiscooper, in turn, analyzes a claim of selective prosecution as an issue of federal constitutional
7 law. 34 P.3d at 516-17. The Nevada Supreme Court recognized the claims of vindictive and
8 selective prosecution as issues of federal law. Petitioner suffered no prejudice from the lack of
9 citation to federal law on this claim.

10 Third, petitioner argues that appellate counsel should have presented as an issue of
11 federal law the claim that his prosecution on these charges violated the prohibition of double
12 jeopardy because he already had been punished in the prison disciplinary proceedings. The Nevada
13 Supreme Court recognized the claim as an issue of federal law, perhaps because, contrary to
14 petitioner's allegation, appellate counsel did present the claim as an issue of federal law. Order of
15 Affirmance, Case No. 50135, pp. 4-5 (quoting, among other cases, United States v. Halper, 490 U.S.
16 435 (1989)). Counsel did not perform deficiently, and petitioner suffered no prejudice.

17 The fourth claim that petitioner argues should have been presented as an issue of
18 federal law has no basis in fact. The claim was that the district court erred by not allowing evidence
19 of a prison officer's misconduct to be admitted at trial. Petitioner argues that appellate counsel
20 should have presented the claim as a violation of the Fifth and Fourteenth Amendments. On appeal,
21 the Nevada Supreme Court held:

> Our review of the record on appeal reveals that Lewis filed a pretrial motion to admit evidence of officer misconduct. The district court heard argument on the motion and "noted it may be a potential area of cross as to [the] issue of bias for any impeachment purposes." The district court granted Lewis' motion, but stated "there may be limitations at the time of trial. Allegations against [Officer Clark] would not be brought unless some benefit was received by her. [The] matter can be revisited in terms of an offer of proof in a hearing outside the presence of the jury." Lewis did not revisit the matter. These circumstances belie Lewis' contention and we conclude that it is without merit.

27 Order of Affirmance, Case No. 50135, p. 6. Even if counsel did present this claim as an issue of
28 federal law, the outcome in the Nevada Supreme Court would have been no different because the

facts did not support the claim. Petitioner suffered no prejudice from the lack of citation to federal law on this claim.

Ground 6 is a claim of ineffective assistance of trial counsel, regarding the recording of his prison disciplinary proceedings. Petitioner claims that counsel did not call as witnesses two correctional officers who could have testified as to what petitioner said in the prison disciplinary proceedings. He also claims that counsel did not move to admit the tape recording of the prison disciplinary proceedings. Petitioner alleges that in his prison disciplinary proceedings he claimed his innocence and denied owning the weapons, and he wanted the recording of that statement played to the jury. The statement is inadmissible hearsay. Nev. Rev. Stat. § 51.065. Petitioner suffered no prejudice because counsel did not call those witnesses or move to admit the recording of his statement.

Petitioner also claims in ground 6 that the prosecution failed to disclose the recording of the statement in violation of Brady v. Maryland, 373 U.S. 83 (1963), which requires the prosecutor to disclose potentially exculpatory evidence. However, petitioner's own allegations show that the prosecution did provide petitioner's trial counsel with a copy of the recording. This part of ground 6 is without merit.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court determines that reasonable jurists would not find any of the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

Petitioner has submitted a motion for the appointment of counsel. The court denies this motion because the court is denying the petition.

IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court file the petition for a writ of habeas corpus and the motion for the appointment of counsel.

IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition.  No response is necessary.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is **DENIED**.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated:  04-25-2011.

_____
ROBERT C JONES
United States District Judge