UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LOUIS RANDOLPH, a.k.a. CLYDE LEWIS,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:11-cv-00077-RCJ-VPC

**ORDER**

    Before the court are the amended petition for a writ of habeas corpus (#21), respondents' motion to dismiss (#25), and petitioner's opposition (#30). The court finds that petitioner has not exhausted his available remedies in state court for part of one ground, and the court grants the motion in part.

    Respondents first argue that grounds 1 and 2 of the amended petition are not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    Respondents misstate ground 1, arguing that it is a claim that petitioner was vindictively prosecuted because he is Muslim. Ground 1 actually is a claim that trial counsel provided ineffective assistance because counsel would not call three witnesses to testify in support of petitioner's contention that he was being prosecuted vindictively because he is Muslim. Petitioner

presented the same claim in ground 1 of his state habeas corpus petition. Ex. 6, at 5A-5B (#26). Ultimately, the Nevada Supreme Court rejected the claim. Ex. 9, at 2 (#26). Ground 1 is exhausted.

Respondents also misstate ground 2. Petitioner went through prison disciplinary proceedings before he went to trial on criminal charges based on the same facts. Petitioner alleges that at trial, the prosecution presented a copy of a form from the prison disciplinary proceedings purporting to show that petitioner had pleaded guilty in those proceedings. See Petitioner's Ex. 18 (#30). Petitioner alleges that he pleaded not guilty in the prison disciplinary proceedings. A tape recording of the prison disciplinary proceedings existed. It was not played to the jury. Petitioner contends that the recording would have demonstrated to the jury that he pleaded not guilty. Respondents argue that petitioner is presenting the above facts as a substantive claim by itself. He is not. These are facts in support of petitioner's claim that trial counsel provided ineffective assistance by not presenting the tape recording to the jury to show that he pleaded not guilty. Petitioner presented the same claim in ground 5 of his state habeas corpus petition. Ex. 6, at 5I-5J (#26). Ultimately, the Nevada Supreme Court rejected the claim. Ex. 9, at 2 (#26). The claim of ineffective assistance of trial counsel in ground 2 is exhausted.

Petitioner also claims in ground 2 that appellate counsel provided ineffective assistance. In his state habeas corpus petition, petitioner presented no claim of ineffective assistance of appellate counsel regarding either the form or the recording from the prison disciplinary hearing. See Ex. 6 (#26). That part of ground 2 is unexhausted.

Ground 3 is a claim that petitioner's criminal prosecution violates the Double Jeopardy Clause of the Fifth Amendment because he already had been found guilty and punished for the same offense in prison disciplinary proceedings. Respondents argue that ground 3 fails to state a claim upon which the court can grant relief. This is an argument that goes to the merits of ground 3, and respondents should present it in their answer to the amended petition.

The amended petition (#21) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted claim of ineffective assistance of appellate counsel in ground 2 and proceed

-2-

1  with the remaining grounds, he may voluntarily dismiss this action without prejudice while he
2  returns to state court to exhaust the claim of of ineffective assistance of appellate counsel in ground
3  2, or he may move to stay this action while he returns to state court to exhaust the claim of of
4  ineffective assistance of appellate counsel in ground 2.  If petitioner chooses the second option, the
5  court makes no assurances about the timeliness of a subsequently filed federal habeas corpus
6  petition.  If petitioner chooses the last option, he must show that he has "good cause for his failure
7  to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the
8  petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278
9  (2005).

10         IT IS THEREFORE ORDERED that respondents' motion to dismiss (#25) is **GRANTED** in
11  part with respect to the claim of ineffective assistance of appellate counsel in ground 2.

12         IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
13  of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes
14  to dismiss the claim of ineffective assistance of appellate counsel in ground 2 of his amended
15  petition (#21), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn
16  declaration that he wishes to dismiss his amended petition (#21) to return to state court to exhaust
17  his state remedies with respect to the claim of of ineffective assistance of appellate counsel in
18  ground 2 of his amended petition (#21), or (3) move to stay this action while he returns to state court
19  to exhaust his state remedies with respect to the claim of of ineffective assistance of appellate
20  counsel in ground 2 of his amended petition (#21).  Failure to comply will result in the dismissal of
21  this action.

22         IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned claim of
23  his amended petition (#21) and proceed on the remaining grounds, respondents shall file and serve
24  an answer or other response to the remaining grounds within forty-five (45) days after petitioner
25  serves his declaration dismissing those grounds.  If respondents file and serve an answer, it shall
26  comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.
27  ///
28  ///

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

Dated:   August 26, 2014.

_____
ROBERT C. JONES
United States District Judge