# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LOUIS RANDOLPH, a.k.a. CLYDE LEWIS,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:11-cv-00077-RCJ-VPC

**ORDER**

Before the court are the amended petition for a writ of habeas corpus (#21), respondents' answer (#36), and petitioner's reply (#43). The court finds that petitioner is not entitled to relief, and the court denies the amended petition.

On October 5, 2005, a correctional officer searching petitioner's cell at the High Desert State Prison found two prisoner-made weapons in petitioner's belongings. In prison disciplinary proceedings, petitioner was found guilty of possession of contraband and sanctioned with one year in disciplinary segregation.

The Nevada Department of Corrections also referred petitioner's case to the Attorney General of the State of Nevada, who started criminal proceedings. After a jury trial in the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of one count of possession or control of a dangerous weapon or facsimile by an incarcerated person. Ex. 2 (#26). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 5 (#26).

Petitioner then filed a post-conviction habeas corpus petition in the state district court. Ex. 6 (#26). The state district court denied the petition. Ex. 8 (#26). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 9 (#26).

Petitioner then commenced this action. The court denied the petition for being without merit on its face. Order (#4). Petitioner appealed, and the court of appeals remanded. Order (#13). Upon direction by this court, petitioner filed an amended petition (#21). The court then served the petition upon respondents for a response. Order (#22). Respondents filed a motion to dismiss (#25). The court granted the motion in part, finding that petitioner did not exhaust his available state-court remedies for a claim of ineffective assistance of appellate counsel in ground 2. Order (#32). Petitioner dismissed that part of ground 2 (#33). The answer (#36) and the reply (#43) followed.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

Grounds 1 and 2 are claims of ineffective assistance of trial counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

In ground 1, petitioner claims that trial counsel failed to investigate and interview three other prisoners who were disciplined administratively but not prosecuted criminally for the same offense because they were not Muslim and petitioner was Muslim. Counsel did try to present a selective-prosecution defense using those same three prisoners, but the district court did not allow the prisoners to testify. On direct appeal, the Nevada Supreme Court held:

> Second, Lewis contends that he "is a victim of vindictive and unconstitutional prosecution." Lewis claims that the State sought to punish him for exercising his right to seek repairs for his damaged television, other similarly situated inmates were not prosecuted for the same conduct, and the district court hindered his ability to fully defend his case by denying his request to call other similarly situated inmates as witnesses. In view of these claims, Lewis appears to contend that the State's prosecution was both vindictive and selective.
>
> "A claim for vindictive prosecution arises when the government increases the severity of alleged charges in response to the exercise of constitutional or statutory rights." United State [sic] v. Spiesz, 689 F.2d 1326, 1328 (9th Cir. 1982). "To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." United States v. Montoya, 45 F.3d 1286, 1299 (9th Cir. 1995) (internal quotation marks and citation omitted). "Once a presumption of vindictiveness has arisen, the burden shifts to the prosecution to show that independent reasons or intervening circumstances dispel the appearance of vindictiveness and

> justify its decisions." Id. (internal quotation marks and citation omitted). "The standard of review for vindictive prosecution is unsettled in the Ninth Circuit. The court has variously applied abuse of discretion, clearly erroneous, and de novo standards." Id. at 1291.
>
> A claim for selective prosecution arises when the State bases its "decision to prosecute upon an unjustifiable classification, such as race, religion or gender." Salaiscooper v. Dist. Ct., 117 Nev. 892, 903, 34 P.3d 509, 516 (2001). "To establish a prima facie case [of selective prosecution], the defendant must show that a public officer enforced a law or policy in a manner that had a discriminatory effect, and that such enforcement was motivated by a discriminatory purpose." Id. at 903, 34 P.3d at 516–17. A discriminatory effect may be proven by showing that other similarly situated persons were not prosecuted for the same conduct. Id. at 903, 34 P.3d at 517. A discriminatory purpose may be established by showing that the State "chose a particular course of action, at least in part, because of its adverse effects upon a particular group. If [the] defendant proves a prima facie case, the burden then shifts to the State to establish that there was a reasonable basis to justify the unequal classification." Id.
>
> Here, Lewis failed to make a prima facie case for either vindictive prosecution or selective prosecution. Lewis' assertion that the State initiated criminal charges against him after he filed kites and a small claims action regarding his damaged television is not objective evidence of an appearance of vindictiveness, and Lewis has not shown that the State based its decision to prosecute him on an unjustifiable classification. Accordingly, we conclude that Lewis is not entitled to relief on this contention.

Ex. 5, at 3-4 (#26). In the appeal from the denial of the state habeas corpus petition, the Nevada Supreme Court held:

> First, appellant claimed that his trial counsel was ineffective for failing to interview and present the testimony of multiple witnesses who would have testified concerning the selective prosecution of appellant. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel attempted to present these witnesses, but was precluded from presenting evidence relating to selective prosecution by the district court. In addition, appellant's underlying claim of selective prosecution was considered and rejected on direct appeal. . . . Therefore, the district court did not err in denying this claim.

Ex. 9, at 2 (citation omitted) (#26). The court is not persuaded by petitioner's argument that if counsel had investigated the other prisoners more, then counsel would have seen that the they were not Muslim and were not referred for prosecution, while petitioner was Muslim and was referred for prosecution. At the hearing on the prosecution's motion to exclude the other prisoners as witnesses, counsel stated:

> But the argument is not only that it is—I'm not classifying—I mean, he is Muslim, but we're not going at it because he's Muslim. It is vindictive towards him because he has exercised his statutory right.

Ex. 11A, at 65-66 (#37). Counsel did appear to know that petitioner was Muslim and that the other prisoners were not Muslim. However, counsel could not have made a case of selective prosecution

with the selective sample that he possessed. These prisoners simply were people whom petitioner knew had been disciplined for possession of contraband but not prosecuted for possession of a weapon by a prisoner. Petitioner has not alleged any facts indicating that the three other prisoners and himself were in any way representative of prisoners in the Nevada Department of Corrections as a whole. Counsel would have needed to investigate all the prisoners in the Nevada Department of Corrections charged with possession or control of a dangerous weapon or facsimile by an incarcerated person and then investigated those prisoners' religious beliefs. If counsel found that a disproportionate number of prisoners so charged were Muslim, then counsel might have made a prima facie case of selective prosecution. Counsel could not have proven a case of selective prosecution based upon only those other three prisoners, no matter how much counsel interviewed them.[1] The Nevada Supreme Court applied Strickland reasonably.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 1.

In ground 2, petitioner alleges that the prosecutor introduced into evidence a form from the prison disciplinary proceedings titled, "Summary of Hearing Officer's Inquiry and Disposition," which indicated incorrectly that petitioner had pled guilty to the administrative charge of possession of contraband. Petitioner then argues that counsel failed to move to admit into evidence the recording of those proceedings, in which petitioner stated that he was pleading not guilty.

Petitioner's argument contains a factual error, because no such form was introduced into evidence at trial. The notice-of-charges form for Milton Logan, petitioner's cellmate, was marked as State's Exhibit 2. The notice-of-charges form for petitioner was marked as State's Exhibit 3. The prosecutor presented these forms to Denise Clark, the correctional officer who searched the cell and then wrote the charges. Ex. 11B, at 88 (#37). However, the prosecutor did not seek to admit them at the conclusion of direct examination. Id. at 90 (#37). Milton Logan testified. The prosecutor

---

[1] Counsel arguably had a better probability of prevailing with a claim of vindictive prosecution because the Nevada Department of Corrections did not refer petitioner for criminal prosecution until after petitioner had started the grievance process for the damage the searching officer caused to his television. See Ex. 11A, at 65-66 (#37).

moved to admit the notice-of-charges form for him, petitioner objected, a bench conference followed, and the prosecutor withdrew his motion. Id. at 105-06 (#37). At the conclusion of the prosecution's case, the prosecutor confirmed that State's Exhibit 1, the physical evidence, was admitted, but the prosecutor did not seek to admit either State's Exhibit 2 or State's Exhibit 3. Id. at 115-16 (#37). Additionally, the index of exhibits at the start of the trial transcript shows that State's Exhibit 2 and State's Exhibit 3 were not admitted. Id. at 3 (#37). Nowhere in the trial transcript was there any reference to the disposition form from petitioner's prison disciplinary proceedings, let alone a motion to admit the form into evidence.

On the claim of ineffective assistance of counsel itself, the Nevada Supreme Court held:

> Second, appellant claimed that his trial counsel was ineffective for failing to present appellant's statements made at a prison disciplinary hearing where he denied ownership of the weapons. Appellant failed to demonstrate deficiency or prejudice because these statements were inadmissible hearsay. NRS 51.065. Therefore, the district court did not err in denying this claim.

Ex. 9, at 2 (footnote omitted) (#26). The Nevada Supreme Court correctly identified that petitioner's own out-of-court statements are inadmissible hearsay. Given that the disposition form was not admitted into evidence, the Nevada Supreme Court's decision was a reasonable application of Strickland.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 2.

In ground 3, petitioner argues that the criminal prosecution violated the Double Jeopardy Clause of the Fifth Amendment because he already had been punished in prison disciplinary proceedings. On this issue, the Nevada Supreme Court held:

> Third, Lewis contends that the State violated the Double Jeopardy Clause by seeking multiple punishments for the same offense. Specifically, Lewis claims that the State's case was initiated after he had been subjected to prison disciplinary proceedings for possession of the dangerous weapons and punished by being placed into segregation for a year. In support of this contention, Lewis cites to United States v. Halper, 490 U.S. 435 (1989), abrogated by Hudson v. United States, 522 U.S. 93 (1997).
>
> As the State correctly notes in its Fast Track Response, the Ninth Circuit has considered the application of Halper in a prison discipline context and concluded that
>
>> the prohibition against double jeopardy does not bar criminal prosecution for conduct that has been the subject of prison disciplinary sanctions for two independent reasons: 1) even if the sanctions were "punishment," they were integral parts of [the

-7-

> defendant's] single punishment for [his underlying conviction]; and 2) the sanctions are not punishment for purposes of double jeopardy because they are solely remedial.
>
> U.S. v. Brown, 59 F.3d 102, 104 (9th Cir. 1995); see also Garrity v. Fiedler, 41 F.3d 1150, 1152 (7th Cir. 1994) (holding "that prison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts" and listing cases from other circuits which have held the same). Based on this authority, we conclude that Lewis' double jeopardy rights were not violated by the criminal prosecution that followed the prison's disciplinary sanction for the same offense.

Ex. 5, at 4-5 (#26). The Supreme Court of the United States has not subsequently held to the contrary. Consequently, there is no clearly established federal law as determined by the Supreme Court on this issue. This court cannot grant relief on ground 3. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 3.

IT IS THEREFORE ORDERED that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#21) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: This 30th day of March, 2016.

                                                ROBERT C. JONES
                                                United States District Judge